UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARTIN KUPFERBERG and DORA KUPFERBERG,           :
                                                 :
                    Petitioners,                 :
                                                 :
              -v-                                :
                                                 :
ALTERNATIVE WEALTH STRATEGIES, INC., and         :
EDWARD SCRO,                                     :
                                                 :
                    Respondents.                 :
                                                 :
------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/14/2013
```

12 Civ. 5271 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

Martin and Dora Kupferberg (together, "Petitioners") filed this Petition seeking to

confirm an arbitration award (the "Award") that they obtained against Respondents Alternative

Wealth Strategies, Inc. ("AWS") and Edward Scro ("Scro") pursuant to Section 9 of the Federal

Arbitration Act, 9 U.S.C. § 9.  Although the Petition was served on both Respondents (Docket

Nos. 3 & 10), neither AWS nor Scro has opposed the Petition or otherwise appeared in this

action to date.  For the reasons stated below, the Award is CONFIRMED.

## BACKGROUND

Petitioners are former customers of Workman Securities Corporation ("WSC") and

AWS, two licensed broker-dealers and Financial Industry Regulatory Association ("FINRA")

members.  (*See* Affirmation of Michael S. Finkelstein ("Finkelstein Affirm.") Ex. A ¶¶ 2-3

(Docket No. 1)).  In early 2008, Petitioners received a flier advertising a "Retirement Workshop"

put on by Scro, a financial adviser then at AWS and later at WSC, and attended the workshop.

(*Id.* ¶¶ 10, 11).  Lured by a promise of high returns with very little risk, Petitioners ultimately

gave $330,000, representing a large percentage of their retirement savings, to Scro and AWS to

be invested in private subscription agreements.  (*Id.* ¶¶ 12-13).  As with many such promises, however, Scro's promise turned out to be false and, after some of the companies in which he had invested were revealed to be Ponzi schemes, Petitioners lost nearly all of their $330,000 investment with Scro, AWS. and WSC.  (*Id.* ¶¶ 18, 23).

The agreements Petitioners had signed with Scro included a mandatory arbitration clause requiring "any controversy between us arising out of your business or this agreement" to be "submitted to arbitration conducted before the National Association of Securities Dealers, Inc. and in accordance with its rules."[1]  (Finkelstein Affirm. Ex A at 26).  On or about August 27, 2010, pursuant to this provision, Petitioners initiated an arbitration by filing a Statement of Claim with FINRA Dispute Resolution, naming AWS, WSC, and Scro as Respondents.  (Finkelstein Affirm. ¶ 11).  In early 2011, AWS went out of business and never filed an answer in the arbitration.  (*Id.* ¶ 14).  Scro filed an answer, but subsequently stopped participating and moved to Florida.  (*Id.* ¶ 15).  Petitioners settled with WSC, which subsequently went out of business.  (*Id.* ¶ 16).  On October 11, 2011, the arbitration proceeded against AWS and Scro.  Scro did not appear; AWS did, even though it had never filed an answer.  (*Id.* ¶ 17).  On November 7, 2011, after the conclusion of the hearing, the arbitration panel (the "Panel") issued the Award against AWS and Scro, jointly and severally, in the amount of $70,300.  (*Id.* ¶ 18; *id.* Ex. B).  On July 6, 2012, Petitioners filed the present Petition to Confirm Arbitration Award, seeking the confirmation of the award and entry of judgment.  (Docket No. 1).

---

[1]     In 2007, the National Association of Securities Dealers merged with the regulatory arm of the New York Stock Exchange to create FINRA.  *See* Securities and Exchange Commission, Order Approving Proposed Rule Change to Amend the By-Laws of NASD to Implement Governance and Related Changes to Accommodate the Consolidation of the Member Firm Regulatory Functions of NASD and NYSE Regulation, Inc. (July 26, 2007), *available at* http://www.sec.gov/rules/sro/nasd/2007/34-56145.pdf.

**DISCUSSION**

**A.  Applicable Law**

"It is well established that courts must grant an [arbitrator's] decision great deference."

*Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003).

Accordingly, the confirmation of an arbitration award generally is "a summary proceeding that

merely makes what is already a final arbitration award a judgment of the court."  *D.H. Blair &*

*Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750

F.2d 171, 176 (2d Cir. 1984)) (internal quotation marks omitted).  "Only a 'barely colorable

justification for the outcome reached' by the arbitrators" is required to confirm an award on a

timely petition to confirm.  *Id.* (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Serv.*

*Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

Because a petition to confirm an arbitration award should be "treated as akin to a motion

for summary judgment based on the movant's submissions," where the non-movant has failed to

respond to a petition to confirm, the court "may not grant the motion without first examining the

moving party's submission to determine if it has met its burden of demonstrating that no material

issue of fact remains for trial."  *D.H. Blair*, 462 F.3d at 109-10 (citation omitted).

Notwithstanding the extreme deference that a court must pay to an arbitrator's decision, even

unopposed petitions to confirm awards must "fail where the undisputed facts fail to show that the

moving party is entitled to judgment as a matter of law."  *Id.* at 110 (quoting *Vt. Teddy Bear Co.*

*v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)) (internal quotation marks omitted).

**B.  Analysis**

Applying the foregoing principles, Petitioners have met their burden of demonstrating

that there is no genuine issue of material fact precluding summary judgment as to all portions of

the Award, as the Panel's decision provides more than "a barely colorable justification for the outcome reached."  *Id.*  Prior to issuing the Award, the Panel considered the pleadings, testimony, and evidence presented at the hearing.  (*See* Finkelstein Affirm. Ex. B at 3).  Based on the evidence presented, the Panel determined "in full and final resolution of the issues submitted for determination" that "Scro and [AWS] are jointly and severally liable for and shall pay [Petitioners] compensatory damages in the amount of $70,000.00," and "$300.00 as reimbursement of the non-refundable portion of the filing fee previously paid to FINRA."  (*Id.*). Such an award was well within the powers granted to the Panel under the terms of the parties' agreement. (*See* Finkelstein Affirm. Ex. A at 25 Disclosure Statement ("It is agreed that any controversy between [the parties] arising out of [Petitioners'] business or this agreement, shall be submitted to arbitration . . . .  Arbitration awards are generally final and binding . . . .")).

Although Petitioners have not presented this Court with copies of all the materials on which the Panel relied, there is no reason to doubt the Panel's interpretation of those materials. Further, and in any event, "[c]ourts are not authorized to review [an] arbitrator's decision on the merits [even in the face of] allegations" — which have not been made in this case — "that the decision rests on factual errors or misinterprets the parties' agreement."  *N.Y.C. Dist. Council of Carpenters Pension Fund v. Star Intercom & Constr., Inc.*, No. 11 Civ. 3015 (RJH), 2011 WL 5103349, at *4 (S.D.N.Y. Oct. 27, 2011) (alteration in original) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)) (internal quotation marks omitted).  Where, as here, there is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrators' jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party.  *See, e.g.*, *In re Arbitration between Gen. Sec. Nat. Ins. Co. and AequiCap Program Adm'rs*, 785 F. Supp. 2d 411, 416-17 (S.D.N.Y. 2011).  Accordingly,

4

the Court grants Petitioners' unopposed petition to confirm all portions of the Award.

Petitioners also seek an award of interest from the date of the award.  (*See* Finkelstein Decl. ¶ 22(b)).  Petitioners are entitled to an award of interest as "an arbitration award confirmed under the FAA bears interest from the date of the award until judgment confirming it."  *In re Arbitration Between Westchester Fire Ins. Co. v. Massamont Ins. Agency, Inc.*, 420 F. Supp. 2d 223, 227 (S.D.N.Y. 2005) (citing *Moran v. Arcano*, No. 89 Civ. 6717 (CSH), 1990 WL 113121, at *2 (S.D.N.Y. July 27, 1990)).  As jurisdiction in this case is premised on the existence of a federal question rather than diversity, and there is no evidence that a particular state law governed these proceedings, the Court will apply the federal statutory interest rate set by Title 28, United States Code, Section 1961.

## CONCLUSION

For the reasons set forth above, the Award is CONFIRMED, with interest to accrue, pursuant to Title 28, United States Code, Section 1961, from the date of the Award to the date judgment is entered in this matter.  Petitioners are directed to submit a proposed Judgment consistent with this Opinion to the Orders and Judgments Clerk of this Court by March 22, 2013.

Petitioner is directed to serve a copy of this Memorandum Opinion and Order upon Respondents no later than March 15, 2013, and to promptly file proof of the same.

The Clerk of Court is directed to terminate Docket No. 1.


SO ORDERED.

Dated: March 14, 2013
       New York, New York

_____
JESSE M. FURMAN
United States District Judge